**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TEMETRIUS RICHARDSON,<br>    Plaintiff,<br>                    v.<br>ALLY FINANCIAL,<br>    Defendant. | Civil Action No.<br>1:23-cv-03948-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant Ally Financial's motion to dismiss [ECF 8] and *pro se* Plaintiff Temetrius Richardson's motion to amend his bill in equity [ECF 9]. After careful consideration, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion. The Court further **DENIES as moot** all other pending motions [ECFs 13, 16, 17, 18, and 19].

**I.    Background**

Plaintiff Temetrius Richardson filed this case on September 1, 2023.[1] Shortly thereafter, Defendant filed a motion to dismiss.[2] A few days after that motion was filed, Plaintiff filed a motion to amend his bill in equity[3], and also filed an amended complaint on the docket.[4] Defendant renewed its motion to dismiss and notified

---

[1]   ECF 1.

[2]   ECF 8.

[3]   ECF 9.

[4]   ECF 10.

1

the Court that the amended complaint did not moot its original motion, except as insofar as the amended complaint dropped an individual defendant, Russell Hutchinson, from this case.[5]

The allegations in the amended complaint are difficult to decipher. Plaintiff claims that, on May 8, 2021, he entered into a retail installment sales contract (RISC) for the purchase of a vehicle.[6] He alleges that Defendant purchased the RISC "subject to [his] claims and defenses."[7] Plaintiff then attempts to identify various issues with Defendant's purchase of the RISC. For example, he notes that Defendant "failed to fully disclose to Plaintiff that the Financial Asset was treated as a draft i.e. 'Pay to the Order of.'"[8] He states multiple times that the RISC is "an investment contract and security asset."[9] After this series of confusing allegations, Plaintiff brings claims of securities and commodities fraud, breach of contract, theft, embezzlement, or misapplication by bank officer or employee, and bank fraud.[10]

---

[5]   ECF 11.

[6]   ECF 10, ¶ 4.1.

[7]   *Id.* ¶ 4.3.

[8]   *Id.* ¶ 4.6.

[9]   *Id.* ¶ 4.5.

[10]  *Id.* ¶¶ 6.1–6.4.

## II. Legal Standards

### A. Motion to dismiss

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court recognizes that Richardson is appearing *pro se*. Thus, it must construe the allegations leniently and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (internal quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* [ ] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369

(11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### B.     Motion to amend complaint

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its complaint only by leave of court or written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion. The rule also provides, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, granting leave to amend is not automatic. *Faser v. Sears Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).

## III.     Discussion

Allowing Plaintiff to amend his bill in equity, which operates similarly to his complaint, would be futile because, as Defendant points out, it still fails to state a claim. As an initial matter, Plaintiff does not have a right to file both a bill in equity and a complaint. The Court, therefore, will treat his motion to amend his bill in equity as a motion to amend his complaint.

Plaintiff's allegations in his proposed amended complaint lack sufficient facts to allow this Court to determine what Defendant's alleged wrongdoings were or how those alleged wrongdoings might give rise to a claim. He makes confusing, disconnected statements about the RISC, Defendant's purchase of the RISC, and a "CUSIP" account, but fails to connect any of his facts to a valid claim for legal recourse. He attaches various documents, including the RISC, but again, the Court cannot connect the RISC to any claim Plaintiff purports to bring against Defendant. At one point, Plaintiff "maintains that the Defendant is not the Holder in Due Course of the Financial Asset,"[11] but includes no facts supporting this assertion. He also states that "Defendant failed to credit Plaintiff's account through applying Plaintiff's balance to Plaintiff's account,"[12] but does not reference which account he is referring to, what balance he believes should have been applied, or any other facts to allow the Court to construe his statement as giving rise to a claim. At bottom, the Court cannot determine exactly how Plaintiff believes he has been injured or how Defendant might be at fault for any injury.

## IV. Conclusion

The Court **GRANTS** Defendant's motion to dismiss [ECF 8] and **DENIES** Plaintiff's motion to amend [ECF 9]. All other pending motions are **DENIED** as

---

[11] *Id.* ¶ 4.13.

[12] *Id.* ¶ 4.11.

moot [ECFs 13, 16, 17, 18, and 19]. This case is **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to close this case.

    **SO ORDERED** this 30th day of September, 2024.

_/s/ Steven D. Grimberg_
Steven D. Grimberg
United States District Judge
